## HULDA AND RUPERT MATTSON v. NORTHLAND UTILITIES COMPANY.[1]

January 31, 1936.

Nos. 30,634, 30,635.

[1]Reported in 265 N. W. 51.

*Thomas H. Strizich,* for appellant.
*O. J. Larson,* for respondents.

HOLT, JUSTICE.

Defendant appeals from the orders denying its motion in the alternative for judgment notwithstanding the verdict or a new trial. The plaintiff Hulda Mattson sued defendant to recover damages for personal injuries alleged to have been caused by defendant's negligence. The plaintiff Rupert Mattson sued for the hospital and medical expenses he incurred in the care and treatment of his wife on account of her injuries. It was stipulated at the trial that the damages sustained by the plaintiff husband for the hospitalization and medical treatment on account of her injuries was the sum of $767.30, the amount of his verdict. The verdict for the wife was $5,000. The assignments of error challenge the sufficiency of the evidence to establish defendant's negligence as the cause of Hulda Mattson's injuries, and hence the court erred when it overruled the motion for directed verdict and denied judgment notwithstanding the verdict, as well as in denying a new trial. There is also an assignment of error upon a part of the charge. And the verdict in favor of Hulda Mattson is assailed as so excessive as to indicate that it was given under the influence of passion or prejudice. No reference need hereinafter be made to the husband's action, tried with that of the wife, for if she is not entitled to recover neither is he.

The facts of which there is no dispute are: That on April 21 and 22, 1931, defendant, who had sold to Antti Nikonen, residing in Chisholm, a gas stove, sent two employees to disconnect the wood-burning range in Nikonen's kitchen and install in place thereof the gas stove. This was done. Nikonen assisted the two employees in removing the wood range from the kitchen to the back yard. The range for heating water had a water front connected with a 30-gallon water tank. In disconnecting it was necessary to drain the water from the tank and the water front. The water front had two

pipes extending from the back of the range some six or eight inches, one about two inches higher than the other. These two pipes were connected with nipples to similar pipes entering the tank at the top and bottom thereof. That same week the range was taken to Nikonen's summer cottage or cabin at Sturgeon Lake, 18 miles from Chisholm, and on Sunday afternoon, the chimney being finished, the range was moved into the cabin and connected with the chimney. A fire was built to test the draft. In a few minutes there was a terrific explosion. Plaintiff and two other women, who happened to be in the cabin, were thrown down and hit by flying pieces of the range. From the debris was picked up a part of the water front with the two short pipes above referred to attached. Both pipes had plugs or caps closing the openings. The question of actionable negligence depends on whether the evidence was sufficient to warrant the jury in finding that defendant's employes closed those pipes with caps or plugs without completely draining the water from the water front. Even defendant's evidence reveals, what is common knowledge, that if there was water in the water front with these two pipes capped or plugged a fire in the range would cause the explosion.

The two employes of defendant who disconnected the range testified positively that they did not cap or plug these pipes, and on this testimony defendant bases its right to a reversal, claiming that: "The court or jury cannot disregard the positive testimony of an unimpeached witness unless and until its improbability or inconsistency furnishes a reasonable ground for so doing, and this improbability and inconsistency must appear from the facts and circumstances disclosed by the record in the case." O'Leary v. Wangensteen, 175 Minn. 368, 371, 221 N. W. 430, 431. We think the jury had warrant in this record for finding that the testimony of the two employes (Twa and Chapuct) was impeached and that its improbability and inconsistency appear from the facts and circumstances disclosed by this record. Twa was impeached on a material matter. He positively denied that his superior had ever inquired of him as to plugging or capping these pipes. The manager as positively asserted that he questioned Twa in that regard.

Another matter, the manager and sales manager concededly went to the cabin and secured these telltale pipes, and, notwithstanding they claimed it was not the next day after the explosion, the jury could well find that it was, because the men who were on or in the vicinity of the cabin when the explosion took place examined these plugged pipes and concluded they were the cause of the explosion and when they, late in the afternoon of the next day, went to secure these pipes as evidence, they were unable, after a diligent search, to find them. Nikonen, the only other person interested in the range, testified that he had not plugged the pipes. There was also a sharp conflict between the testimony of Nikonen and Twa and Chaпuct on other matters, which the jury could well consider as impeaching the two latters' veracity. The very fact that the manager and the sales manager went out to the cabin and secured the part of the water front with these pipes attached and nothing else, property not belonging to defendant, suggests that they were alive to its importance as the cause of the explosion. There is no need to impute a desire to suppress evidence. Toward the close of the trial defendant brought into court that part of the wreckage taken away. Nikonen testified that he told the men that the range was to be taken to his cabin.

The jury had evidence that steam formed in the water front and caused the explosion. One of the three ladies standing near the range saw steam escaping from the upper capped pipe a few moments before the explosion took place. And it seems to us that the jury upon this record could conclude that defendant's employes plugged the pipes without having emptied all the water in the water front, knowing that the range was soon to be used in Nikonen's summer cabin at the lake; and that so doing was negligence. That the jury could find that this negligent act of defendant's servants proximately caused the explosion which injured plaintiff is too clear for argument.

Error is assigned upon this part of the charge:

"It has been stated to you by the attorneys on both sides that the explosion was caused by the plugging up of two pipes that were

attached to a water front that belonged to the wood-burning stove,
* * * ."

There is nothing in the record to challenge the truth of the court's statement. Since, as above pointed out, the evidence on both sides seems to attribute the explosion to steam formed within the closed water front, it is very likely that the attorneys made the statements as the court told the jury. If appellant's attorney had not so done, he should have called the court's attention thereto. Instead, when the court inquired of counsel if there were any corrections to be made in the charge, counsel was silent. It was not a misstatement of law nor of the evidence, but, at most, a misstatement of the contention of defendant's attorney made to the jury. The error, if made, is one which this court will disregard when no effort was made to have the court correct it before the jury retired. Magnuson v. Bouck, 178 Minn. 238, 226 N. W. 702, and cases there cited.

The verdict of $5,000 in favor of plaintiff is claimed to be so excessive as to indicate that it was given under the influence of passion or prejudice. Plaintiff was 37 years of age. After a period of hospitalization and medical care which concededly cost over $700, she was left with a permanently stiff leg, a very serious handicap for the balance of her life. She suffered much during the many weeks she was in the hospital. She claims that she still suffers from backache and headache. The experienced trial court who saw her and observed her walk and appearance was of the opinion that the verdict bore no indication that it was given under the influence of passion or prejudice. There certainly is nothing in the trial that could be said to have aroused passion or prejudice.

The orders are affirmed.